REITLER KAILAS & ROSENBLATT, LLP
885 Third Avenue, 20th Floor
New York, NY 10022
Tel: 212-209-3045
plicalsi@reitlerlaw.com
rclarida @reitlerlaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| PALM VALLEY MUSIC LLC, | |
|---|---|
| Plaintiff, | Case No. _____ |
| v. | **COMPLAINT** |
| CITIZEN WATCH COMPANY OF AMERICA, INC. D/B/A BULOVA | JURY TRIAL DEMANDED |
| Defendant. | |

Palm Valley Music, LLC ("Plaintiff" or "Palm Valley"), by its attorneys Reitler Kailas & Rosenblatt LLP, as and for its Complaint against Citizen Watch Company of America, Inc. d/b/a Bulova ("Defendant") herein, alleges as follows:

### NATURE OF ACTION

1.  This is an action for copyright infringement against Defendant for Defendant's unauthorized use of the musical composition entitled "Fly Me to the Moon (In Other Words)" ("Fly Me") in nationally-aired television commercials and worldwide online promotional materials distributed through Defendant's website and social media channels (collectively, "Infringing Ads"), which were created and exploited by Defendant as the central part of a marketing campaign for a "Frank Sinatra Collection" line of its Bulova wristwatches.

2.  Each of the Infringing Ads copy the melody and lyrics and lyrics of Fly Me as the entire musical underscore of their commercial advertising message.

1

3. Upon information and belief, the Infringing Ads were produced in the U.S.

4. Fly Me is one of the most famous songs made popular by Frank Sinatra, and its melody and lyrics are distinct and easily recognizable.

5. Plaintiff is the exclusive owner of the copyright to Fly Me and did not grant Defendant a license for the copyright or consent to the use thereof.

6. Palm Valley first learned of the Defendant's use of Fly Me to promote Defendant's commercial products by way of a fortuitous viewing of one of the Infringing Ads, *i.e.* a nationally-aired TV commercial in the broadcast of the Macy's Thanksgiving Day in November 2022.

7. At no time was permission or approval requested prior to or after the national broadcast of the infringing ad.

8. In an effort to resolve the discrepancy, Palm Valley searched its files concerning Fly Me and identified a previous license of the composition to Defendant in connection with an unrelated charitable use. A copy of this license is attached as Exhibit A.

9. By its terms, the above-referenced license does not authorize the use of Fly Me in any of the Infringing Ads.

10. The prior license does, however, demonstrate that Defendant knew of its obligation to secure a license from Palm Valley to make use of Fly Me, and knew how to obtain such a license.

11. Before contacting Defendant in connection with the Infringing Ads, Palm Valley communicated with its sub-publishers worldwide to confirm that no license had been granted to Defendant for the use of Fly Me, and that the Infringing Ads were accessible on YouTube in their respective territories.

12. Palm Valley's sub-publishers worldwide confirmed that they had granted no licenses to Defendant, nor had they even received a licensing inquiry from Defendant, with respect to Fly Me, and confirmed that the Infringing Ads were accessible on YouTube in their territories.

13. On August 31, 2023 Palm Valley sent Defendant a letter demanding that Defendant cease and desist from any further use of Fly Me and demanding further that Defendant provide information concerning the Infringing Ads, sufficient to permit Palm Valley to determine a licensing fee commensurate with the scope of the unauthorized use. A copy of that letter is attached as Exhibit B.

14. Defendant refused to engage with Palm Valley to enter into a license agreement at that time. Instead, Defendant recommended that Palm Valley speak to Frank Sinatra Enterprises ("FSE") to resolve the dispute.

15. Palm Valley and FSE frequently work together on licenses for Fly Me, because FSE represents the name and likeness rights of the late Frank Sinatra, the performer who is most closely identified with Fly Me.

16. Upon information and belief, FSE granted certain name and likeness rights to Defendant in connection with the Infringing Ads. FSE has no publishing or ownership in the copyright of Fly Me, however, and could not have granted any rights in the composition to Defendant even if it had purported to.

17. The use of a musical composition as the underscore of a series of advertisements and promotional materials is universally recognized in the advertising and music publishing industries as an exclusive right of the music publisher, here Palm Valley, which can only be obtained by direct negotiation between the publisher and the advertiser or its agent.

18. FSE is not, and upon information and belief has never purported to be, Palm Valley's agent with respect to Fly Me or any other composition.

19. Upon information and belief, Defendant's use of Fly Me had no objectively reasonable basis.

20. After receiving Plaintiff's cease-and-desist letter, Defendant continued to exploit the Infringing Ads until at least November 14, 2023.

21. Palm Valley has also been harmed because Defendant's unauthorized use of Fly Me has reduced the value of Fly Me to other advertisers going forward.

22. When a composition becomes associated with a particular product or manufacturer, such as Bulova wristwatches here, other advertisers are less interested in using the same composition for a period of years, thus driving down the demand for a license and the potential income associated with such use.

23. Palm Valley has already lost one or more licensing opportunities for Fly Me as a result of Defendant's unauthorized use of the composition in the Infringing Ads.

## JURISDICTION AND VENUE

24. This Court has subject matter jurisdiction over this action under the copyright laws of the United States, 17 U.S.C. § 101 *et seq*., and 28 U.S.C. §§1331 and 1338.

25. This Court has personal jurisdiction over Defendant as it has a regular and established place of business in this District.

26. The venue of this action is properly laid in the Southern District of New York pursuant to 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1400(a) because Defendant resides in this District and/or has a regular and established place of business and may be found in this District.

## PARTIES

27. Palm Valley is a limited liability company having a principal place of business at 266 West 37th Street, New York, New York 10018. Palm Valley is engaged in the business of licensing the distribution and sale of musical compositions in all media.

28. A significant percentage of Palm Valley's revenue is generated by the licensing of its compositions to advertisers for promotional uses.

29. Upon information and belief, Defendant is a corporation organized under the laws of the State of Nevada, with a place of business at 350 5th Avenue, New York, NY 10118.

30. Upon information and belief, Defendant is engaged in the business of manufacturing and selling wristwatches, clocks, and other timepieces.

*Plaintiff's Work*

31. Palm Valley is currently, and at all relevant times has been, the sole proprietor of all rights, title, and interest in and to the copyright in Fly Me.

32. On November 15, 1976, the composer, Bart Howard, assigned his rights in the renewal term of copyright in Fly Me to T.R.O., Inc., by written agreement.

33. On December 1, 2011, T.R.O. Inc. assigned its rights in Fly Me to Palm Valley by written agreement.

34. Under the songwriter's will, the sole royalty recipients for Fly Me are two non-profit entities that benefit songwriters and musicians.

35. Palm Valley has an obligation to protect the value of the Fly Me copyright for the benefit of these royalty recipients, as well as for its own commercial purposes.

36. Fly Me was originally registered with the U.S. Copyright Office on May 18, 1954 by Almanac Music, Inc. The U.S. Copyright Office registration number for Fly Me is Ep80546.

37. On February 5, 1982, a certificate of registration for renewal copyright in Fly Me was issued to the composer, Bart Howard, as the renewal claimant, The U.S. Copyright Office renewal registration number for Fly Me is RE 120-979.

38. The copyright in Fly Me is currently valid and subsisting.

39. At all times prior to the commencement of this action, Palm Valley has fully complied with the statutory formalities governing copyrights with respect to Fly Me.

*Defendants' Unlawful Acts*

40. Within the three years preceding the commencement of this Action, Defendant has created and exploited the Infringing Ads worldwide through television and online media, including without limitation Defendant's website, Facebook and YouTube. The melody and lyrics from Fly Me are easily recognized and can be heard throughout a substantial portion of the Infringing Ads.

41. The Infringing Ads promote a line of wristwatches called the "Frank Sinatra Signature" series ("Series").

42. Defendant markets one of the wristwatches in the Series as the "Fly Me to the Moon" model, and the title "Fly Me to the Moon" is embossed into the leather band of that model.

43. Defendant did not have a license to use Fly Me in the Infringing Ads, and Palm Valley did not consent to its use.

44. The Defendant's unauthorized use of Fly Me in the Infringing Ads infringes upon Plaintiff's copyright.

45. Defendant's actions with respect to the Infringing Ads are wrongful and willful and have no objective basis in fact or law.

## FIRST CAUSE OF ACTION
### (Copyright Infringement Against Defendant)

46. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 45 above as if fully set forth herein.

47. Plaintiff is the owner of a valid and subsisting copyright in Fly Me.

48. Defendant created the Infringing Ads which contain the melody and lyrics from Fly Me and broadcast it on television, as well as distributing it online through their website, Facebook, and YouTube.

49. The Defendant's acts and omissions set forth above were performed without the permission, license, authority or consent of Plaintiff.

50. The Defendant's acts and omissions set forth above constitute acts of copyright infringement by Defendant of Plaintiff's copyright in Fly Me.

51. Defendants' infringements are willful and intentional inasmuch as Defendant were or should have been aware, and had reason to believe, that their acts constituted infringements of Plaintiff's copyright in Fly Me.

52. Despite receiving Plaintiff's letter dated August 31, 2023, which outlined the infringing conduct and demanded that Defendant remove the Infringing Ads, the Infringing Ads remained available until at least November 14, 2023.

53. As a result of the willful and intentional conduct set forth above, Plaintiff is entitled to a permanent injunction prohibiting any further publication, distribution, electronic

transmission or other exploitation of the Infringing Ads or any other work which infringes upon Fly Me.

54. By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial.

55. Plaintiff has suffered and will continue to suffer irreparable harm and injury as a result of the aforesaid infringing acts of Defendant.

56. Plaintiff has no adequate remedy of law.

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. That Defendant be required to pay Plaintiff such actual damages as Plaintiff has sustained in consequence of Defendant's infringements of Plaintiff's copyright, and to account for and pay to Plaintiff all gains, profits and advantages derived by Defendant from their infringements of Plaintiff's copyrights pursuant to 17 U.S.C. § 504, in an amount to be proven at trial, or such statutory damages as to the Court shall appear just as specified in 17 U.S.C. §504(c)(1).

B. That Defendant, its officers, agents and employees, and all persons acting in concert or participation with them, be enjoined both during the pendency of this action and permanently thereafter from copying, reproducing, distributing, publishing, electronically transmitting, or otherwise commercially exploiting the Infringing Ads and/or any derivative work thereof without authorization from Plaintiff, or otherwise infringing Plaintiff's copyright in any manner, and from permitting, authorizing or causing others to do so;

   C. That Defendant be required to deliver up to be impounded and destroyed all copies of the Infringing Ads and/or any derivative work thereof in Defendant's custody or control;

   D. Awarding Plaintiff its costs and disbursements incurred in prosecuting this action, including, but not limited to, their reasonable attorneys' fees pursuant to 17 U.S.C. § 505; and

   E. Such other and further relief as this Court deems just and proper.

Dated:  March 4, 2024

              Respectfully submitted,


              By:  /*Robert W. Clarida*/
              Robert W. Clarida
              Paul LiCalsi
              REITLER KAILAS & ROSENBLATT, LLP
              885 Third Avenue, 20th Floor
              New York, NY 10022
              Tel: 212-209-3045
              plicalsi@reitlerlaw.com
              rclarida @reitlerlaw.com

              *Counsel for Plaintiff Palm Valley Music LLC*