UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALM VALLEY MUSIC LLC, | Case 1:24-cv-01637 CM (BCM) |
| Plaintiff, | |
| vs. | [~~PROPOSED~~] STIPULATED PROTECTIVE ORDER |
| CITIZEN WATCH COMPANY OF AMERICA, INC. D/B/A BULOVA, | |
| Defendant. | |

The Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, and the parties having stipulated to the following provisions, it is hereby ORDERED that any person subject to this Order – including without limitation the parties to this action, their attorneys, representatives, agents, experts and consultants, acting as such, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order shall adhere to the following terms, upon pain of contempt:

**Discovery Materials May Be Designated as Confidential**

1. Any person subject to this Order who receives from any other person any "Discovery Material" (*i.e.*, information of any kind provided in the course of discovery in this action) that is designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder. Nothing herein shall preclude any person subject to this Order from disclosing material designated as "Confidential" or "Attorneys' Eyes Only" if otherwise required by law or pursuant to a valid subpoena.

1

698405872

2. The person producing Discovery Material may designate as "Confidential" or "Attorneys' Eyes Only" any portion thereof that contains non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Where the confidential portion is reasonably separable from the non-confidential portion, only the confidential portion shall be so designated. The parties may only designate Discovery Material as "Attorneys' Eyes Only" if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is: (a) proprietary and confidential marketing and business plans, analyses, and strategies that the other parties could utilize to their competitive advantage if they were provided access to them; (b) proprietary and confidential financial information that the other parties could utilize to their competitive advantage if they were provided access to them; and (c) other types of proprietary and confidential trade secrets such as lists of customers not publicly known; technical information; pricing, cost, and profitability information; and product research and development plans either not publicly available or available upon the request of a customer that competitors could utilize to their competitive advantage.

3. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes

Only" the Discovery Material or designated portion in a manner that will not interfere with legibility or audibility of the Discovery Material, on each page containing such information to which the designation applies or, in the event a document is produced in native format, by adding the word "Confidential" or "Attorneys' Eyes Only" to the end of the Bates number in the file name of the native document, as produced. Deposition testimony may be designated as "Confidential" or "Attorneys' Eyes Only" either on the record during the deposition or in writing within fifteen (15) business days of receipt of the final transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter. From the date of the deposition until fifteen (15) business days after receipt of the final transcript, all deposition transcripts and the information contained therein shall be deemed Confidential Discovery Material.

4. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential" or "Attorneys' Eyes Only," the producing person may so designate that portion by promptly notifying all parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing person shall provide each other party with replacement versions of such Discovery Material that bears the "Confidential" or "Attorneys' Eyes Only" designation within two (2) business days of providing such notice.

698405872

**Who May Receive Confidential Materials**

5. No person subject to this Order, other than the producing person, shall disclose any Discovery Material designated as "Confidential" to any other person whomsoever, except to:

   a) the parties to this action, including in-house counsel;

   b) counsel retained specifically for this action; and any employees and/or agents of such counsel, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

   c) as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

   d) any witness who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

   e) any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

   f) stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

   g) independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

4

    h)     the Court and its staff; and

    i)     any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access to such Confidential Discovery Material.

6. No person subject to this Order, other than the producing person, shall disclose any Discovery Material designated as "Attorneys' Eyes Only" to any other person whomsoever, except to

    a)     the parties' in-house counsel;

    b)     counsel retained specifically for this action; and any employees and/or agents of such counsel, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;

    c)     as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;

    d)     any person retained by a party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;

    e)     stenographers and video technicians engaged to transcribe or record depositions conducted in this action;

    f)     independent photocopying, graphic production services, or other litigation support services employed by the parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;

698405872

        g)     the Court and its staff; and

        h)     any other person whom the producing person, or other person designating the Discovery Material "Attorneys' Eyes Only" agrees in writing may have access to such Confidential Discovery Material.

7. Prior to the disclosure of any Confidential Discovery Material to any person referred to in subparagraphs 6(d) or 6(e) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement, in the form annexed hereto, stating that that person has read this Order and agrees to be bound by its terms. Counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first. Execution of such Non-Disclosure Agreement by a non-party shall not subject that non-party to personal jurisdiction in this Court except for the limited purpose of enforcement of this Order.

8. If any party subject to this Order receives a subpoena or demand in another action or other compulsory process commanding production of information designated as "Confidential" or "Attorneys' Eyes Only" that such party has obtained under the terms of this Order, counsel for such party shall, if there are ten (10) or fewer days to comply, within two (2) business days, or if more than ten (10) days, at least seven (7) business days prior to the due date of compliance, notify the designating party in writing, and shall not produce the information designated as "Confidential" or "Attorneys' Eyes Only" until the designating party has had reasonable time to take appropriate steps to protect the material. It shall be the

responsibility of the designating party to obtain relief from the subpoena or order prior to the due date of compliance, and, to give the designating party an opportunity to obtain such relief, the party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

**Filing Confidential Materials in this Action**

9. Any person who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon the designating person and all other parties a written notice stating with particularity the grounds of the objection. If agreement cannot be reached promptly, counsel for all affected persons shall request a joint telephone call with the Court to obtain a ruling.

10. Notwithstanding the designation of material as "Confidential" or "Attorneys' Eyes Only" in discovery, there is no presumption that such Confidential Discovery Material will be filed with the Court under seal. The parties shall follow the individual practices of the Magistrate or District Judge to whom they direct pretrial requests for filing under seal.

11. The following addendum is deemed incorporated into the parties' stipulation and confidentiality order and is acceptable to the parties:

> The parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "Confidential" by the parties are in fact confidential.
>
> It has been this Court's consistent experience that confidentiality stipulations are abused by parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party

to such practices. The Court operates under a presumption that the entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to 'confidential' material under this stipulation, the decision will not be published for ten days. The parties must, within that ten day period, identify to the court any portion of the decision that one or more of them believe should be redacted, provide the court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly-available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the court will sign their proposed confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the court will not sign the stipulation, and should allegedly confidential material be produced, the parties will be referred to the magistrate judge for a document by document review and decision on whether that document should be subject to confidential treatment.

12. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material was previously designated as Confidential or sealed during pretrial proceedings.

13. Each person who has access to Confidential Discovery Material shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

**Inadvertent Disclosure of Privileged Materials**

14. If, in connection with this litigation, and despite having taken reasonable steps to prevent the disclosure of information that it claims is subject to a claim of attorney-client privilege or attorney work product, a producing person inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such

8

698405872

disclosure, in itself, shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

15. If a disclosing person makes a claim of inadvertent disclosure, all receiving persons shall, within five (5) business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

16. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing person shall produce a privilege log with respect to the Inadvertently Disclosed Information.

17. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

18. Pursuant to Federal Rule of Evidence 502, the production of privileged or work product protected documents or communications, electronically stored

698405872

information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

19. If a receiving person thereafter moves the Court for an order compelling production of the Inadvertently Disclosed Information, that motion shall be filed under seal, and shall not assert as a ground for entering such an order the mere fact of the inadvertent production. The disclosing person retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an *in camera* review of the Inadvertently Disclosed Information.

**Termination of the Litigation**

20. This Protective Order shall survive the termination of the litigation. At the conclusion of litigation, all Confidential Discovery Material and all copies thereof, shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing person or destroyed (with counsel of the receiving person to provide a written certification of such destruction if requested by the producing person), except that the parties' counsel, including in-house counsel, shall be permitted to retain their working

698405872

files on the condition that those files remain protected from disclosure to any person not subject to this Order.

21. During the pendency of this case only, this Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED.**

Dated: June 26, 2024

| **REITLER KAILAS & ROSENBLATT, LLP** | **GREENBERG TRAURIG, LLP** |
|---|---|
| By: /s/ Robert W. Clarida<br>Robert W. Clarida<br>Paul LiCalsi<br>885 Third Avenue, 20th Floor<br>New York, NY 10022<br>Email: plicalsi@reitlerlaw.com<br>rclarida@reitlerlaw.com<br>Tel: 212-209-3045<br><br>Attorneys for Plaintiff Palm Valley Music LLC | By: /s/ Justin A. MacLean<br>Justin A. MacLean<br>One Vanderbilt Avenue<br>New York, NY 10017<br>Email: Justin.MacLean@gtlaw.com<br>Tel: 212-801-3137<br><br>Nina D. Boyajian (*Pro Hac Vice*)<br>David H. Marenberg (*Pro Hac Vice*)<br>1840 Century Park East, Suite 1900<br>Los Angeles, CA 90067<br>Email: BoyajianN@gtlaw.com<br>MarenbergD@gtlaw.com<br>Tel: 310-586-7700<br><br>Attorneys for Defendant Citizen Watch Company of America, Inc. d/b/a Bulova |

Dated: June 26, 2024

SO ORDERED

/s/ Colleen McMahon

HON. COLLEEN MCMAHON
United States District Judge

698405872

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PALM VALLEY MUSIC LLC. <br><br> Plaintiff, <br><br> vs. <br><br> CITIZEN WATCH COMPANY OF AMERICA, INC. D/B/A BULOVA, <br><br> Defendant. | Case 1:24-cv-01637 CM (BCM) <br><br> **NON-DISCLOSURE AGREEMENT** |

I, _____ [print name], acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____     _____
                                                                Signature

698405872