UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PALM VALLEY MUSIC LLC,

        Plaintiff,

  -against-

CITIZEN WATCH COMPANY OF AMERICA, INC. d/b/a BULOVA,

        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/25/2024

24-CV-1637 (CM) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

Plaintiff Palm Valley Music LLC (Palm Valley) alleges that it is the exclusive owner of the copyright to the musical composition "Fly Me To The Moon (In Other Words)" (Fly Me). Compl. (Dkt. 1) ¶ 5. Plaintiff seeks copyright infringement damages from Citizen Watch Company of America, Inc. d/b/a Bulova (Bulova), alleging that Bulova used Fly Me, without authorization, in television commercials and online promotions for its "Frank Sinatra" wristwatches. *Id*. ¶¶ 1, 7.

The most significant damages-related issue in the case appears to be the value of a reasonable license fee for Bulova's use of Fly Me. In its Supplemental Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1) (Dkt. 26-2), dated June 17, 2024, plaintiff claimed damages of $3.75 million, based on three prior licenses, but did not explain its calculation. On July 22, 2024, I ordered Palm Valley to "serve an updated damages computation in accordance with Fed. R. Civ. P. 26(a)(1)(A)(iii), providing a reasoned explanation, based on the information now reasonably available to it, as to how it derived its estimate of $3.75 million in lost licensing revenue from the three data points disclosed in its June 17, 2024 supplemental disclosure." (Dkt. 31.) On August 1, 2024, Palm Valley served its Second Supplemental Initial Disclosures Pursuant to Federal Rule of Civil Procedure 26(a)(1) (2d Supp. Disc.) (Dkt. 37-1), attaching seven prior licenses that were "granted by Plaintiff for comparable uses of the

composition at issue, and of comparable compositions." 2d Supp. Disc. at 3. Of the seven attached licenses, two were for Fly Me, four were for "Feeling Good" (Feeling Good) and one was for "Cosmic Dancer." *Id*. Exs. A-G.

On September 3, 2024, defendant filed a letter-motion (Def. Ltr.) (Dkts. 37, 38)[1] seeking an order compelling Palm Valley to disclose, *inter alia*, all of its past "sync" licenses for Fly Me (together with related entries in its license/quote database and communications concerning those licenses); all of its past sync licenses for Feeling Good (together with related entries in its license/quote database and communications concerning those licenses); and all of its past sync licenses for the most popular compositions in its "TRO Essex" catalog (together with related entries in its license/quote database and communications concerning those licenses). Def. Ltr. at 1-4. Spirited letter-briefing followed (*see* Dkts. 40, 41, 44, 45).[2] By the time the parties appeared for a discovery conference on September 24, 2024, plaintiff had agreed to produce the requested Fly Me licenses and related documents, and to base its future license fee calculations in this action solely on the Fly Me licenses. However, the parties remained at odds as to the requested discovery concerning Feeling Good and other TRO Essex compositions.

For the reasons discussed during the conference, defendant's September 3, 2024 letter-motion is GRANTED to the extent that, no later than **October 24, 2024**, plaintiff must produce:

1. All synchronization licenses for the composition Feeling Good that relate to use of the song with audiovisual material for use in advertising or promoting a product or service (whether or not categorized by plaintiff as "commercials");

---

[1] A redacted version of defendant's letter-motion and its exhibits is filed in public view at Dkt. 38, and an unredacted version is filed under seal at Dkt. 37.

[2] A redacted version of plaintiff's opposition letter is filed in public view at Dkt. 41 and an unredacted version (including exhibits) is filed under seal at Dkt. 40. A redacted version of defendant's reply letter is filed in public view at Dkt. 44, and an unredacted version (along with one exhibit) is filed under seal at Dkt. 45.

    2.    Printouts of all entries from plaintiff's database reflecting synchronization licenses or quotes/inquiries for the composition Feeling Good that relate to use of the song with audiovisual material for use in advertising or promoting a product or service (whether or not categorized by plaintiff as "commercials"), at least to the extent the licenses or quotes themselves have not been produced;

    3.    Responsive documents obtained by running a search for "Feeling Good" OR "Feelin Good" OR "Feelin' Good" AND the same connectors that the plaintiff has agreed to use to search for Fly Me-related documents, **limited to the time period 2015 to the present**.

After carefully considering the parties' written and oral arguments, as well as plaintiff's recent reliance on its prior Feeling Good licenses as "comparable uses" of a "comparable composition[]," 2d Supp. Disc. at 3, I conclude that the Feeling Good licenses and related documents are relevant to the parties' claims and defenses, and that the discovery described above is proportional to the needs of the case, as required by Fed. R. Civ. P. 26(b)(1). However, the broader discovery sought by defendant into licenses for other popular compositions in plaintiff's TRO Essex catalog is less obviously relevant to the damages calculation in this case, and the corresponding burden on plaintiff would be significantly higher (particularly for the electronic search requested by defendant, even if limited to the five most popular compositions, as defendant proposed). As to these documents, therefore, I cannot conclude that the discovery sought is proportional to the needs of the case.

It is further ORDERED that the parties' sealing motions at Dkts. 36, 39, and 43 are GRANTED, for substantially the reasons set forth therein, such that the parties' filings at Dkts. 37, 40, and 45 shall remain under seal.

It is further ORDERED that the parties' joint letter motion (Dkt. 50) to extend the expert discovery deadline is GRANTED, and that:

- The deadline for plaintiff's expert report(s) is now **November 7, 2024**.
- The deadline for defendant's expert report(s) is now **December 6, 2024**.
- The deadline for the completion of all discovery is now **December 20, 2024**.

No further extensions of these deadlines will be granted absent compelling circumstances.

All relief not explicitly granted herein is DENIED. The Clerk of Court is respectfully directed to close the motions at Dkts. 36, 37, 38, 39, 43, and 50.

Dated: New York, New York  
September 25, 2024

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**